**FILED**
**Jun 25, 2026**
**09:13 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Eileen Figueroa | Docket No. 2025-30-4557 |
| v. | State File No. 45268-2025 |
| Amazon.com, Inc., et al. | |
| Appeal from the Court of Workers' Compensation Claims Lisa A. Lowe, Judge | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee asserts the trial court erred in granting the employer's motion for reconsideration and staying the court's earlier award of temporary disability and medical benefits. The employee alleged a gradual injury to her back and calf due to repetitive bending, twisting, and lifting at work. Although the employer initially provided a panel, it later denied the claim for insufficient notice. The employee sought her own medical care with an orthopedist, filed a petition for benefits, and requested an expedited hearing. Following the hearing, the trial court designated the employee's selected physician as the authorized treating physician and ordered the employer to authorize an appointment with him. The employer appealed that order but later withdrew its appeal and instead filed a motion to reconsider and to stay the trial court's order based on information contained in subsequent medical records, one of which called causation into question. Following a status conference that included discussion of the pending motion and an agreement between the parties, the trial court issued an order granting the employer's motion to stay and ordered the parties to cooperate in crafting a questionnaire for the orthopedist regarding causation. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's order and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Eileen Figueroa, employee-appellant, pro se

W. Troy Hart and Kristen C. Stevenson, Knoxville, Tennessee, for the employer-appellee, Amazon.com, Inc.

## Factual and Procedural Background

Eileen Figueroa ("Employee") had worked for Amazon.com, Inc. ("Employer") as a picker for three years when she was transferred to a new position in May 2025. This position required her to bend farther than her previous position, and she began to experience soreness in her back. Employee continued to work but took off work on June 28 to rest her back. She returned to work as scheduled on July 3 but had difficulty walking and standing and began experiencing severe pain in her right calf. Employee reported her complaints to her supervisor that day, and he accompanied her to the on-site medical clinic. Employer then provided a panel from which Employee selected Dr. Andrew Suguntheraj, whom she saw later that day.

According to Employee, Dr. Suguntheraj's office told her that he would not treat both her back and calf and that she would have to choose which complaint she wanted him to address. Employee chose to focus on her calf due to the severity of the pain, and the medical note from that date states "a few weeks ago patient squatted down to lift an item and hurt her calf muscle." Dr. Suguntheraj assigned restrictions of no kneeling or climbing ladders and a fifteen-minute rest period every two to three hours. He referred Employee for an ultrasound to rule out a blood clot and told her to return in three days. By the time Employee returned home from the visit with Dr. Suguntheraj, she learned Employer had denied the compensability of her alleged injuries due to what it determined was late reporting.

On July 7, Employee reported to the emergency room at Tennova Hospital with back pain and was instructed to follow up with an orthopedist. Meanwhile, despite denying the claim, Employer approved the ultrasound for her calf ordered by Dr. Suguntheraj, which was performed on July 9 and revealed no evidence of a blood clot.

Employee sought treatment on her own with Dr. Luke Madigan on August 5, 2025.[1] At that time, Dr. Madigan noted that Employee complained of back pain radiating from her low back to her lower leg. Dr. Madigan's report stated that she did not report a traumatic injury, but there is a later note reflecting that Employee "indicate[d] the injury occurred at work." Dr. Madigan diagnosed her with "dynamic degenerative spondylolisthesis" with a large L4-5 right facet cyst and recommended a lumbar decompression and fusion. Employee sought a second opinion with a doctor in Mississippi, where she has family, and that doctor also recommended surgery.

At that point, Employer offered several panels to Employee for an apparent initial evaluation or causation opinion. She initially selected Dr. Patrick Bolt and then Dr. Rickey

---

[1] The medical note indicated that Employee was an "Established Patient," but there are no medical records from Dr. Madigan prior to August 5, 2025, contained in the record. It further stated that Employee had a "prior MRI," which Dr. Madigan apparently reviewed, although his notes do not reflect when that MRI was performed. Other medical records indicate an MRI was completed on July 19, 2025.

Hutcheson, but both declined to see her after reviewing the medical records. She then selected Dr. Barry Vaughn, whose review of the records and response regarding whether he would agree to evaluate Employee had not been received at the time of the expedited hearing.

Employee was the only in-person witness to testify at the expedited hearing on January 14, 2026. Regarding the notice defense, Employee testified that she believed the change in her duties in May 2025 caused her to suffer a gradual injury that did not prevent her from being able to work until July 3, 2025, the day she reported it. In response, Employer argued that, because Employee did not report the injury when she first noticed her symptoms in June, she had failed to give proper notice. It also presented medical records reflecting prior treatment Employee received in 2021 at Northwest Medical Center for complaints of back pain and right flank pain in support of its argument that Employee's current complaints related to a pre-existing condition.

In an order issued on February 2, 2026, the trial court found Employee was likely to prevail at trial in establishing she suffered a gradual injury to her back. It further determined that Employer had actual knowledge of Employee's alleged injuries on July 3, when she reported being unable to perform her regular work duties. As a result, it ordered Employer to authorize a return visit with Dr. Madigan for him to review and consider the prior medical records and provide his opinion as to whether Employee's "symptoms and current condition" arose primarily from her gradual injury at work. It also awarded ongoing temporary total disability benefits beginning July 3, 2025, based on Employee's unrefuted testimony that Employer could not accommodate work restrictions assigned by Dr. Suguntheraj. Employer timely appealed but, shortly thereafter, received updated medical records from Dr. Madigan, which included a December 30, 2025 office note in which he stated:

> At this point[, I] discussed with her that degenerative spondylolisthesis with synovial cysts are not a work injury they are a degenerative problem. This is even though she has been working at [Employer] for [three] years[,] this [has] likely been brewing for a lot longer. *She understands this*[,] *and obviously she is disappointed.* We will get her back to see me [as needed].

(Emphasis added.)

Upon receipt of this medical record, Employer successfully moved to withdraw its appeal then filed a motion asking the trial court to reconsider and/or stay its prior order, citing this new evidence. Employee objected to the motion to reconsider, arguing that the medical note from December 30 was a "general clinical observation" and not a definitive causation opinion. She also filed a motion for enforcement of the court's expedited hearing order.

3

The court held a teleconference on April 14, 2026, which it specifically identified as a status hearing. At that time, the parties discussed various issues related to the claim, including this new medical documentation. According to the transcript of that hearing, Employee argued that she felt "it would be fair to have a formal opinion of a doctor in writing that considers my job duties, considers the length of the time I was doing them, and weighs in [on] this MRI that was done in [July 2021] . . . . I think that's fair." Following Employee's statement, the court asked whether Employer would be willing to send Employee back to Dr. Madigan for a causation opinion, and Employer asked if a questionnaire would be agreeable. Then, the following exchange occurred:

Judge: Okay. [Employee], is that – I mean, that's something – that's what you want [Dr. Madigan] to look at the prior MRIs and consider your job duties. Correct?

Employee: *Yes, Your Honor.* And if we could just get a transparency into what is actually being presented to Dr. Madigan, rather than just the results. I would appreciate that. I just want transparency and fairness.

(Emphasis added.)

The parties agreed that Employer's counsel would prepare a questionnaire and forward it to Employee for her review. The court encouraged the parties to cooperate in revising the questionnaire, if necessary, before sending it to Dr. Madigan. The court issued an order on April 15 entitled "Order Granting Motion to Stay and Status Order" that stated:

> The Court held a Status Hearing on April 14 discussing [the recently received records from Dr. Madigan and prior award from the court]. At the hearing, the parties *agreed* that [Employer's counsel] will prepare a letter to Dr. Madigan, asking him to review the MRI findings and [Employee's] job duties and provide a causation opinion. [Employer's counsel] will send the letter to [Employee] before sending it to Dr. Madigan. [Employee] will have 24 hours to respond with any potential changes to the description of her job duties. Upon receipt, the parties will file Dr. Madigan's response and advise if they would like the opportunity to argue their positions.

The court then granted the motion to stay pending the response from Dr. Madigan. Employee has appealed that order.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See*

Tenn. Code Ann. § 50-6-239(c)(7) (2025). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to credibility determinations made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "when it comes to deposition testimony, an appellate panel is in the same position as the trial court to make credibility determinations." *Edwards v. Peoplease, LLC*, No. W2024-01034-SC-R3-WC, 2025 Tenn. LEXIS 514, at *18 (Tenn. Dec. 22, 2025). Thus, when medical proof is presented by deposition, "the reviewing court may draw its own conclusions about the weight and credibility of the expert testimony." *Id.* Moreover, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2025).

**Analysis**

In her notice of appeal, Employee states, "[t]he stay was granted despite the absence of any medical opinion supporting [Employer's] causation defense, effectively allowing [Employer] additional time to develop evidence it failed to obtain during the underlying proceedings." In her brief, Employee raises a number of issues, most of which aver the same thing: that the trial court erred in awarding Employer a stay of the prior order for temporary total disability and medical benefits based on the December 30 medical note from Dr. Madigan.[2] Employer argues that Dr. Madigan is the authorized treating physician pursuant to the expedited hearing order and that he clearly opined that Employee's condition is not primarily caused by a work injury but is degenerative in nature.

Regardless of the medical proof filed with the court to date, it is well settled that trial courts have considerable discretion in controlling the pace of litigation through their supervision of cases and management of their docket. *See Smith v. The Newman Group, LLC*, No. 2015-08-0075, 2015 TN Wrk. Comp. App. Bd. LEXIS 30, at *9 (Tenn. Workers' Comp. App. Bd. Sep. 21, 2015). Moreover, due to the interlocutory nature of expedited hearing orders, they are not final and are subject to amendment, reversal, or revision at any time prior to the issuance of a final compensation order. *See, e.g.*, *Green v. Rogers Group*, No. 2016-04-0085, 2017 TN Wrk. Comp. App. Bd. LEXIS 34, at *4 (Tenn. Workers' Comp. App. Bd. May 22, 2017); Tenn. R. Civ. P. 54.02(1) ("[A]ny order . . . that adjudicates fewer than all the claims . . . shall not terminate the action as to any of the

---

[2] Employee also questions the calculation of her compensation rate. However, that issue was addressed in the expedited hearing order dated February 2, 2026, not the order currently on appeal. Thus, any issue regarding Employee's workers' compensation rate is not properly before us at this time.

claims or parties, and the order . . . is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.").

Finally, it is well-settled that issues cannot be raised for the first time on appeal. As we have stated previously:

> The rationale for the rule is that the trial court should not be held in error when it was not given the opportunity to rule on the issue or the argument being advanced on appeal. If the rule were otherwise, parties could forego bringing to the trial court's attention a potentially dispositive error or issue and then, if dissatisfied with the outcome, essentially ambush the trial court's decision on appeal based on the error or issue that could have been raised below. To avoid this untenable situation, it has long been the general rule that questions not raised in the trial court will not be entertained on appeal. Indeed, in most instances, an issue raised for the first time on appeal will be deemed waived.

*Long v. Hamilton-Ryker*, No. 2015-07-0023, 2015 TN Wrk. Comp. App. Bd. LEXIS 23, at *14-15 (Tenn. Workers' Comp. App. Bd. July 31, 2015) (internal citations and quotation marks omitted).

It is undisputed that Employee filed a motion asking that the expedited hearing order awarding her benefits be enforced. However, based on our review of the transcript of the status hearing, we conclude that the parties *agreed* to the strategy suggested by the trial court, specifically, sending a questionnaire to Dr. Madigan with a description of Employee's job duties so he can provide his opinion regarding the primary cause of her condition. There is no indication in the order that Employee did not understand this agreement would result in the suspension of Employer's obligation to pay the temporary total disability and medical benefits previously ordered by the court pending receipt of Dr. Madigan's response. Employee did not indicate at the hearing that she objected to the plan the parties discussed with the judge, and she did not file a motion to reconsider with the court after it issued its order. Given Employee's statements at the hearing, the absence of any objections, and her acknowledgement of the agreement in her brief, we conclude the issue regarding a stay of the court's expedited hearing order was not properly preserved for appeal and is therefore not properly before us. In short, a party cannot agree to proceed in one manner then appeal an order memorializing that agreement. *See Semich v. AT&T Services, Inc.*, No. 2021-06-0997, 2023 TN Wrk. Comp. App. Bd. LEXIS 28, at *13-14 (Tenn. Workers' Comp. App. Bd. June 8, 2023).

## Conclusion

For the foregoing reasons, we affirm the trial court's order of stay and remand the case. Costs on appeal are waived.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

Eileen Figueroa

v.

Amazon.com, Inc., et al.

Docket No. 2025-30-4557

State File No. 45268-2025

Appeal from the Court of Workers'
Compensation Claims
Lisa A. Lowe, Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 25th day of June, 2026.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Eileen Figueroa | | | | X | eileen.m.figueroa@gmail.com |
| W. Troy Hart<br>Kristen C. Stevenson | | | | X | wth@mijs.com<br>kcstevenson@mijs.com<br>jdhaynes@mijs.com |
| Lisa A. Lowe, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov